## No. 10,296.

### THE STATE EX REL. LOUIS SCHWARTZ ET AL VS. F. A. MONROE, JUDGE, ET ALS.

*Mandamus* does not lie to compel the granting of a suspensive appeal from an order dissolving an injunction on bond, when the commission of the acts enjoined will not cause an irreparable injury.

APPLICATION for Mandamus.

*David Todd* and *W. R. Richardson* for the Relators.

*B. C. Elliott* and *Chas. G. Ogden* for the Respondents.

The opinion of the Court was delivered by

BERMUDEZ, C. J.    The relators seek a *mandamus* to compel the district judge to grant them a suspensive appeal from an order dissolving on bond, an injunction obtained by them, and to command the representatives of a corporation to exclude from participation in its proceedings, certain parties who claim to have elected delegates thereto.

In justification of his conduct, the district judge returns, that the case is one not appealable to this court, and were it so, the dissolution on bond of the injunction obtained by the relators can cause them no irreparable injury.

The other parties join in this defense.

The circumstances of this case are simply those which follow.

The relators, as members of the Young America Steam Fire Company No. 3, claim to have been duly elected delegates to the Firemen's Charitable Association of the Sixth District of New Orleans, of which they are also members.

They aver that certain parties pretended to have been elected to the same functions and *were about* to enter said Firemen's Charitable Association, when they obtained an injunction from the Civil District Court for the Parish of Orleans, forbidding the representatives of the association from receiving said delegates, and the latter from participating, as members of the association.

The defendants in the injunction suit filed an exception of no cause of action and a rule to dissolve the injunction, on bond.

Both matters came up for trial simultaneously, and, after hearing, the district judge considering that the petition did not set forth matters which justified the injunction, sustained the exception, dismissing the suit, and, acting on the motion, allowed the dissolution, on bond.

The relators then applied for a suspensive appeal from the judgment sustaining the exception, which was allowed, and from the decree dissolving the injunction on bond, which was declined.

In order to ascertain whether the relators are entitled to the suspensive appeal asked, it is necessary to determine, whether the commission of the acts enjoined can cause them an irreparable injury; for if it will work such wrong, the dissolution was improper and should produce no effect.

What were the acts prohibited?    They were:    *That* the representatives of the Charitable Association should not receive the pretended delegates, and *that* the latter should not participate as members of the association.

The consequence following the writ was that the representatives of the association and the delegates remained in the condition in which they stood when the injunction issued, namely : The representatives not receiving the delegates and the delegates not participating.

There is nothing to show that, had not the injunction issued, the representatives of the association would have received the delegates and that these would have participated as members.

It may well be presumed, however, that, if said delegates had not established rights to a representation of their company in said association, the representatives of the latter would not recognize them, and that the delegates would not participate as members of the organization.

Let it be supposed, however, that the suit had been brought without a prayer for an injunction, or that the injunction had been dissolved on bond, and thus neutralized — what of it ?

The delegates, whose election is contested, from the worst standpoint, would have been recognized and admitted to participate as members of the association.

Suppose next, that by final judgment, the courts were to decide that the relators, and not the others, are entitled, by due election, to represent the company in the association — what then ?

Then, the judgment would have to be executed and the delegates unduly seated would have to vacate their seats and make room for the relators.

Now, what injury would the relators, in the meantime, have sustained ?

Surely, the relators would have been kept out of the exercise of their functions as delegates from their company. The relators do not show, and we cannot perceive how this mere abstention from such exercise is capable of producing any injury whatever.

On a final judgment of the court, entitling them to the rights which they claim, matters and things could easily be restored to the condition in which they stood before, and when, the writ issued.

This view of the case dispenses us with considering other questions raised and which it is not necessary to solve.

It is, therefore, ordered and decreed that the restraining order made *in limine* be rescinded and that the application for a *mandamus* be refused with costs.